*Libbey v. Menard*, 470-8-18 Wncv (Teachout, J., Aug. 5, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Washington Unit**                                    **Docket No. 470-8-18 Wncv**

**JOHN LIBBEY**
    **Plaintiff**

        **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
        **Defendant**

## DECISION
### Cross-Motions for Summary Judgment

Plaintiff–Inmate John Libbey seeks Rule 75 review of a disciplinary conviction for the attempted unauthorized use of a computer, a Major A25 violation. Specifically, he was found guilty of a plan to have someone circumvent DOC computer security and access a website where illegal drugs could be purchased. He was found to possess a piece of paper with instructions for doing so.

The parties have filed cross-motions for summary judgment. Mr. Libbey argues that (1) there was no evidence of any attempted use of a computer; and (2) an attempt to formulate a plan (effectively, a plan to make a plan) to use a computer is too remote to be considered an attempt for purposes of the DOC's disciplinary policy. Mr. Libbey also argues that the search of his cell that allegedly uncovered the evidence of the written instructions explaining how to make unauthorized use of a computer violated his constitutional due process rights.

Mr. Libbey's arguments (1) that he was wrongfully convicted of a "plan to make a plan" and (2) that the search of his cell was unconstitutional were not presented in the first instance for administrative review by the DOC and thus were not preserved for review here. Accordingly, the court will not review those issues now. See generally *Pratt v. Pallito*, 2017 VT 22, 204 Vt. 313 (distinguishing preservation from exhaustion and analyzing preservation in prisoner grievance case in depth). The purpose of the preservation requirement is to ensure that the agency has a fair chance to address an issue before it is presented to the judicial branch for further review. *Id*., 2017 VT 22, ¶ 16. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id*. (citation omitted).

Mr. Libbey's general sufficiency of the evidence argument was preserved. When reviewing an inmate disciplinary decision, the court "need find only that there was 'some evidence' in order to uphold a conviction." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (quoting *LaFaso v. Patrissi*, 161 Vt. 46, 49 (1993)). This standard is met when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

Mr. Libbey was found guilty of an attempt to use a DOC computer in an authorized manner.  He was found to possess written instructions explaining how to evade DOC security measures and access a website where one might purchase illegal drugs.  This is sufficient to satisfy the "some evidence" standard on review in this court.

ORDER

For the foregoing reasons, Mr. Libbey's motion for summary judgment is denied.  The State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of August 2019.


_____
Mary Miles Teachout,
Superior Judge

2